UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

AUTUMN CURTIS
4424 North 25th Street
Milwaukee, Wisconsin 53209

       Plaintiff,

v.

STONE RIDGE MARKET LLC
W240 N1485 Pewaukee Road
Pewaukee, Wisconsin 53186

       and

RAJWINDER SINGH
611 East Wisconsin Street
Portage, Wisconsin 53901

       Defendants

Case No.: 20-cv-46

**JURY TRIAL DEMANDED**

---

### COMPLAINT

---

COMES NOW Plaintiff, Autumn Curtis, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside and/or operate their business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Autumn Curtis, is an adult female resident of the State of Wisconsin with a post office address of 4424 North 25th Street, Milwaukee, Wisconsin 53209.

5. Defendant, Stone Ridge Market LLC, was, at all material times herein, a commercial entity doing business in the State of Wisconsin with a principal address of W240 N1485 Pewaukee Road, Pewaukee, Wisconsin 53186.

6. Defendant Stone Ridge Market operates as a Mobil gas station and Subway restaurant in Pewaukee, Wisconsin.

7. Defendant, Rajwinder Singh, was, at all material times herein, an individual resident of the State of Wisconsin with a principal address of 611 East Wisconsin Street, Portage, Wisconsin 53901.

8. Defendant Singh owns, operates, and manages Defendant Stone Ridge Market.

9. During the relevant time periods as stated herein, Defendant Stone Ridge Market was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

10. During the relevant time periods as stated herein, Defendant Stone Ridge Market employed more than two (2) employees.

11. During the relevant time periods as stated herein, Defendant Stone Ridge Market's annual dollar volume of sales or business exceeded $500,000.

12. During the relevant time periods as stated herein, Defendants were an "employer" as that term is defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendants, as these terms are defined under the FLSA and the WWPCL.

14. During the relevant time periods as stated herein, Defendant Singh was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During Plaintiff's employment with Defendants, Defendant Singh supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendants, Defendant Singh had the ability and authority to (and actually did), hire, terminate, promote, demote, and/or suspend Plaintiff.

17. During Plaintiff's employment with Defendants, Defendant Singh had the ability and authority to (and actually did), review Plaintiff's work performance.

18. During Plaintiff's employment with Defendants, Defendant Singh established the work rules, policies, and procedures by which Plaintiff abided while performing compensable work for Defendants, on behalf of Defendants, and/or at Defendants' direction.

19. During Plaintiff's employment with Defendants, Defendant Singh controlled the terms and conditions of Plaintiff's employment.

20. During Plaintiff's employment with Defendants, Defendant Singh established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

21. During Plaintiff's employment with Defendants, Defendant Singh tracked and/or recorded Plaintiff's hours of work.

22. During Plaintiff's employment with Defendants, Defendant Singh established Plaintiff's compensation methods, rates, and structure.

23. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

## **GENERAL ALLEGATIONS**

24. On or about September 18, 2018, Defendant Singh hired Plaintiff into a server/cashier position of working in the Subway restaurant at Defendants.

25. During the entirety of Plaintiff's employment with Defendants, Plaintiff reported directly to Defendant Singh, the owner, operator, and manager of Defendant Stone Ridge Market.

26. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay for any and all work performed on their behalf, with their knowledge, at their direction, and/or for their benefit.

27. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on a bi-weekly basis via check for any and all compensable work performed.

28. During Plaintiff's employment with Defendants and during the workweeks that comprised the time period of approximately November 10, 2019 to November 23, 2019, Defendants agreed to compensate Plaintiff at the hourly rate of $11.75 for any and all hours worked or work performed on their behalf, with their knowledge, at their direction, and/or for their benefit.

29. On or about November 22, 2019 was Plaintiff's last day of actual work for Defendants.

30. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee under the FLSA and WWPCL.

31. During Plaintiff's employment with Defendants, Defendants established workweek for FLSA and/or WWPCL purposes was Sunday through Saturday.

32. During Plaintiff's employment with Defendants and during the workweeks that comprised the time period of approximately November 10, 2019 to November 23, 2019, Plaintiff performed approximately 38.92 hours of work with Defendants' knowledge, at Defendants' direction, for Defendants' benefit, and/or on Defendants' behalf.

33. Defendants' normal and customary payroll date was November 28, 2019 for any and all hours worked by Plaintiff during the workweeks that comprised approximately November 10, 2019 to November 23, 2019.

34. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately November 10, 2019 to November 23, 2019, Defendants did not compensate Plaintiff for any hours that Plaintiff worked or work that Plaintiff performed during these workweeks.

35. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately November 10, 2019 to November 23, 2019, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff for any hours worked or work performed.

36. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately November 10, 2019 to November 23, 2019, Defendants suffered or

permitted Plaintiff to work without compensating Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked or work performed.

37. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately November 10, 2019 to November 23, 2019, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff with her agreed-upon and regularly hourly rate of pay of $11.75 for any and all hours worked or work performed.

38. During Plaintiff's employment with Defendants and during the workweeks that comprised approximately November 10, 2019 to November 23, 2019, Defendants suffered or permitted Plaintiff to work without compensating Plaintiff with earned compensation totaling approximately $457.31.

39. During Plaintiff's employment with Defendants, Defendants suffered or permitted Plaintiff to work without appropriately and lawfully compensating her for all hours worked each workweek, including but not limited to for any and all hours worked during the workweeks from approximately November 10, 2019 to November 23, 2019.

40. Defendants knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted her to work) in a workweek in accordance with the FLSA and WWPCL.

41. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which they were aware and/or of which they should have been aware.

42. Defendants owe Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, in a total amount of $457.31, plus an equal amount for liquidated damages.

## FIRST CAUSES OF ACTION – FLSA VIOLATIONS (MINIMUM WAGE)

43. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

44. Section 206(a)(1) of the FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

45. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

46. Defendants intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked during the workweeks from approximately November 10, 2019 to November 23, 2019 during her employment with Defendants.

47. Defendants' failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay during her employment with Defendants was willfully perpetrated. Defendants have neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

48. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld from Plaintiff by Defendants.

49. Plaintiff is entitled to damages equal to the minimum wages due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendants.

50. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**SECOND CAUSES OF ACTION – WWPCL VIOLATIONS (MINIMUM WAGES)**

51. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

52. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

53. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

54. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

55. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for

these activities, including but not limited to minimum wages at an hourly rate of $7.25 for any and all hours worked from approximately November 10, 2019 to November 23, 2019.

56. Defendants willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an hourly rate of at least $7.25 per hour for any and all hours worked during the workweeks from approximately November 10, 2019 to November 23, 2019 during her employment with Defendants.

57. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

58. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – WWPCL VIOLATIONS
### (FAILURE TO PAY AN AGREED-UPON WAGE)

59. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

60. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

61. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

62. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

63. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities at her previously agreed-upon hourly rate of pay with Defendants.

64. During Plaintiff's employment with Defendants, Defendants willfully and intentionally failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate her with her agreed-upon regular or hourly rate of pay of $11.75 for any and all hours worked during the workweeks from approximately November 10, 2019 to November 23, 2019 during her employment with Defendants, in violation of the WWPCL.

65. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

66. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing reimbursement for unpaid wages, including but not limited to minimum wages and agreed-upon wages, for pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid by Defendants under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendants;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 10th day of January, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *Scott S. Luzi*** _____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com