UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**AUTUMN CURTIS,**

                **Plaintiff,**

      **v.**                                         **Case No. 20-CV-46**

**STONE RIDGE MARKET, LLC, et al.,**

                **Defendants.**

---

**ORDER ON THE PLAINTIFF'S MOTION FOR ATTORNEY FEES**

---

**1. Introduction**

Autumn Curtis filed this action on January 10, 2020, alleging that Stone Ridge Market, LLC and Rajwinder Singh violated the Fair Labor Standards Act and Wisconsin law by not fully compensating her for all the time she worked and paying her less than the legally required minimum wage. (ECF No. 1.)

The facts are simple. When Curtis quit her employment, the defendants kept her last paycheck. They contend that they did so because she owed for cash advances they made to her. She disputes that she owed the defendants anything. But even if the defendants could prove a debt, withholding her whole paycheck was unlawful.

On March 5, 2020, Curtis accepted the defendants' offer of judgment (ECF No. 15), and the court entered judgment in Curtis's favor in the amount of $367.42, "which represents wages due and owing and a 50% penalty plus $1.00." (ECF No. 15-1.)

Currently before the court is Curtis's motion for attorney fees and costs. (ECF No. 17.) A dispute over 20.79 hours of unpaid wages at $11.75 per hour has resulted in plaintiff's counsel allegedly expending 17.3 hours at a rate of $400 per hour. Thus, Curtis seeks $465 in costs and $6,920 in attorney fees for his efforts. The defendants argue that both the hourly rate and the number of hours spent are excessive. (ECF No. 22.)

**2. Legal Standard**

When a plaintiff prevails in a suit under the FLSA the court is required to award the plaintiff a "reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). There is no dispute that Curtis is a prevailing party.

"When a prevailing party is entitled to 'a reasonable attorney's fee,' the district court must make that assessment, at least initially, based on a calculation of the 'lodestar'—the hours reasonably expended multiplied by the reasonable hourly rate—and nothing else." *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012); *see also Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999). Not included in "the hours reasonably expended" are "hours that are excessive, redundant, or otherwise unnecessary." *Johnson*, 668 F.3d at 931 (quotation marks omitted).

"[A]lthough a district court has significant discretion in determining the lodestar, it cannot base its decision on an irrelevant consideration or reach an unreasonable conclusion." *Johnson*, 668 F.3d at 929. An attorney's actual billing rate for comparable work is presumptively reasonable. *Uphoff*, 176 F.3d at 407.

**3. Lodestar Analysis**

**3.1. Reasonable Hourly Rate**

Plaintiff's counsel, Scott Luzi, asserts that his "actual billing rate" is $400 per hour, "which is similar to the market rates that other attorneys of similar abilities and experiences in the community normally charge their paying clients for services and types of work similarly performed by Plaintiff's counsel in this case." (ECF No. 25 at 2; *see also* 18 at 7.) However, he has not established that his "actual billing rate" is $400; he offers no evidence that he has ever sent a client a bill reflecting that rate, much less that any client ever paid him for work at that rate. *See Johnson*, 668 F.3d at 933. And Curtis certainly never agreed to pay that rate; no rational person would hire a lawyer at $400 per hour to recover $367. Rather, Luzi appears to work exclusively on plaintiffs' side employment litigation, which the court recognizes is often performed on a contingency fee basis. That was the nature of the agreement between Curtis and Luzi. (ECF No. 18, ¶ 9.)

When an attorney does not have any fee-paying clients, the court must look to "the next best evidence" of what other attorneys in the area charge for similar work and what courts have awarded attorneys in similar cases. *Johnson*, 668 F.3d at 933; *Uphoff*, 176 F.3d

at 407. It is the plaintiff's burden to establish the market rate. *Johnson*, 668 F.3d at 933. "Once the fee applicant has met his or her burden, the burden shifts to the defendants to demonstrate why a lower rate should be awarded." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001).

Luzi presents the declarations of two attorneys who also regularly appear before this court in FLSA matters—Larry Johnson and Summer Hart Murshid. Johnson has been practicing since 2006 and is a shareholder at Hawks & Quindel, S.C. (ECF No. 21, ¶¶ 2, 3.) He asserts that his hourly rate is $400. (ECF No. 21, ¶ 6.) Murshid has been practicing since 2009 and is also a shareholder at Hawks & Quindel, S.C. (ECF No. 20, ¶¶ 2, 3.) She asserts that her hourly rate is also $400. (ECF No. 20, ¶ 6.)

Luzi was admitted to practice in 2010 (ECF No. 19, ¶ 2) but claims the same hourly rate as Johnson and Murshid, both of whom have modestly more experience than he does. Nonetheless, a review of federal court filings in the Eastern and Western District of Wisconsin reveals that Luzi has appeared in slightly more wage and hour cases (cases filed under the "nature of suit" code 710) than Murshid (168 versus 164); Johnson tallies 187. Thus, the court accepts that, in terms of experience, Murshid is a fair comparator for Luzi.

However, that does not necessarily mean that Murshid's asserted rate of $400 per hour is appropriate in a case like this. Murshid asserts that her "hourly rate has also been approved in the Eastern District of Wisconsin" (ECF No. 20, ¶ 6), and in a supplemental

declaration identifies cases where she contends courts have approved that rate for her (ECF No. 27, ¶ 6). Luzi similarly attempts to support his hourly rate by asserting:

> Moreover, this District has previously approved Plaintiff's counsel's hourly rate of $400.00 as reasonable in multi-Plaintiff wage and hour cases. *See, e.g., Doberstein v. East Wisconsin Savings Bank*, No. 18-cv-1931, ECF No. 35 (E.D. Wis., November 26, 2019) (Griesbach, J.); *Johnson v. National Technologies, Inc.*, No. 18-cv-462, ECF No. 57 (E.D. Wis., July 22, 2019) (Jones, J.). (Luzi Decl., ¶ 8.)

(ECF No. 18 at 7-8.)

But all of the cases identified by Luzi and Murshid involved court approval of settlements negotiated by the parties.[1] In that regard, none of them reflect a determination by the court as to the reasonableness of the rate. Having said that, "[n]othing in the case law requires that a party show that the hourly rate they have requested has previously been disputed and upheld…. Indeed, a previous attorneys' fee award is useful for establishing a reasonable market rate for similar work whether it is disputed or not." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 647 (7th Cir. 2011) (quoting *Jeffboat, LLC, v. Dir., Office of Workers' Comp. Progams*, 553 F.3d 487, 491 (7th Cir. 2009)). Thus, the fact that Magistrate Judge Jones approved a $400 rate for Luzi in *Johnson v. National Technologies, Inc.*, Case No. 18-cv-462, ECF No. 57, ¶ 7, albeit in the context of merely

---

[1] Murshid identifies a third case from Milwaukee County Circuit Court, *Thompson v. KHRG Employer, LLC,* 2018CV004663, Doc. 44 (Milwaukee County Circuit Court March 22, 2019), the records of which are not readily available to the court.

approving the parties' settlement and without any independent analysis, on its surface tends to support Luzi's claim.

In the other cases cited by Luzi and Murshid in which they identified their rate as being $400 per hour, each court actually approved lump sum awards of attorney fees that reflect a reduction of the fees actually claimed. In *Hoffman v. Regal Beloit Corp.*, No. 18-cv-1491-WCG, the court approved a settlement that called for a lump sum payment of $20,000 in attorney fees and costs for Murshid and her colleagues (18-CV-1491, ECF No. 39, ¶ 2), which was a reduction from the $22,239.75 counsel allegedly incurred, with Murshid claiming a $400 hourly rate (18-CV-1491, ECF No. 38 at 13). Based on the reduction, the functional hourly rate that the court actually approved for Murshid was about $360 per hour.

In *Esteves v. El Beso Mexican Restaurante, LLC, et al.*, 15-cv-484-LA, the court approved a settlement that awarded $69,071.75 in attorney fees for Murshid and her colleagues. (15-CV-484, ECF No. 77, ¶ 2.) This was a reduction from the $72,260 that counsel allegedly expended, with Murshid at a $400 hourly rate. Based on the reduction, the functional hourly rate that the court actually approved for Murshid was about $382 per hour.

Finally, in *Doberstein v. East Wisconsin Savings Bank*, No. 18-cv-1931-WCG, the court approved a lump sum of attorney fees and costs of $25,000, which was only 55 percent of the nearly $46,000 counsel claimed they incurred prosecuting the action (largely at an

hourly rate of $400 per hour). If the court's approval of the settlement in *Doberstein* reflects Luzi's appropriate hourly rate, it, at best, supports a rate of only $219 per hour.

However, the reduction of the lump sums sought in these cases does not necessarily mean that the courts concluded that the rate being charged was too high; the reductions could reflect a conclusion that the hours claimed were unreasonable, or that various lodestar factors warranted a reduction, *see Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3, 103 S. Ct. 1933, 1937 (1983). These variables make cases where courts approve lump sum awards poor comparators for determining the reasonableness of a claimed hourly rate.

Moreover, *Doberstein* and *Johnson* are, as identified by Luzi, "multi-Plaintiff wage and hour cases." This case was not. This action involved a single plaintiff and a single pay period. As courts have observed, FLSA claims are generally fairly simple, at least when compared against other areas of employment law. *See Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707-08 (7th Cir. 2001) (citing *Shea v. Galaxie Lumber & Constr. Co.,* 1997 U.S. Dist. LEXIS 1217 at *16-17, No. 94 C 0906 (N.D. Ill. 1997) (counsel's actions in attaching fee awards from Title VII actions to determine fees in FLSA case was "disingenuous given the differences in complexity between FLSA claims and Title VII claims."), *vacated on other grounds,* 152 F.3d 729 (7th Cir. 1998); *Holyfield v. Quinn & Co.,* 1991 U.S. Dist. LEXIS 5293 at *1, No. 90 C 507 (N.D. Ill. 1991) ("Issues under

the FLSA are not unusually complicated or beyond the capability of an attorney of average ability.")).

In many respects, this case was about as simple as a wage and hour case can get. While Luzi may be capable of handling complex or large collective action wage and hour cases, this was a case that could have been easily handled in its entirety by a junior attorney. *See Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) ("[I]t is understandable that the judge would assume that much of the more routine work would be delegated to competent attorneys in the firm who charge at a much lower hourly rate."). Therefore, the court finds that Luzi has not established the reasonableness of his claimed $400 hourly rate.

The defendants contend that $320 per hour would be reasonable, pointing to a declaration of Nicholas McLeod, an attorney with 12 years of experience who charges that hourly rate in these types of cases. However, according to this court's records, McLeod has appeared in only five wage and hour suits in this court. In fact, he has appeared in only 31 actions of any type in this district (and five more in the Western District of Wisconsin), and only 37 actions in Wisconsin Circuit Court (he does not claim to be admitted to practice before any other court). Thus, he is not a fair comparator. Therefore, the defendants have not established the reasonableness of a $320 per hour rate.

In light of all these factors, the court concludes that an hourly rate of $350 per hour is appropriate for Luzi. Judge Griesbach approved this rate for him as recently as June 4,

8

Case 2:20-cv-00046-WED    Filed 04/28/20    Page 8 of 14    Document 28

2019, *Benson v. M2 Prop. Grp. LLC*, No. 1:18-cv-00860, 2019 U.S. Dist. LEXIS 93143, at *6 (E.D. Wis. June 4, 2019), and also many times before that, Blemberg v. ARC Fire Prot. LLC, No. 18-C-637, 2019 U.S. Dist. LEXIS 51616, at *3 (E.D. Wis. Mar. 27, 2019) (granting unopposed motion for attorney fees and costs); *Kapellusch v. Bold Salons LLC*, No. 18-C-843, 2019 U.S. Dist. LEXIS 15160, at *3 (E.D. Wis. Jan. 29, 2019) (same); *Rabetski v. Century Oaks of Appleton, Inc.*, No. 17-C-1453, 2018 U.S. Dist. LEXIS 93954, at *4 (E.D. Wis. June 5, 2018). "Other courts in this district have recognized $350.00 per hour as a reasonable hourly rate in FLSA cases." *Rabetski v. Century Oaks of Appleton, Inc.*, No. 17-C-1453, 2018 U.S. Dist. LEXIS 93954, at *4 (E.D. Wis. June 5, 2018) (citing *See Gibbs v. Sasta Bazaar, Inc.*, No. 17-cv-1268-pp, 2018 U.S. Dist. LEXIS 71648, 2018 WL 2012921, at *2 (E.D. Wis. Apr. 30, 2018); *Andrews v. Chevy Chase Bank FSB*, 706 F. Supp. 2d 916, 920-21 (E.D. Wis. 2010)).

Moreover, the court notes that Luzi was working on *Doberstein* (18-CV-1931, filed on Dec. 7, 2018, and closed on Nov. 26, 2019) and *Johnson* (18-CV-462, filed on Mar. 23, 2018, and closed on July 12, 2019) at the same time he was working on *Benson* (18-CV, filed on June 6, 2018, and closed on June 7, 2019), *Blemberg* (18-CV-637, filed on Apr. 23, 2018, and closed on Apr. 30, 2019); <u>Kapellusch</u> (18-CV-843, filed on June 4, 2018, and closed on Jan. 31, 2019); and *Rabetski* (17-CV-1453, filed on Oct. 24, 2017, and closed on June 5, 2018). While asserting in *Doberstein* and *Johnson* that his hourly rate was $400 for the entire time he worked on those cases, in *Benson, Blemberg,* <u>Kapellusch,</u> and *Rabetski* he asserted

his hourly rate was $350. This is further reason to not accept *Doberstein* and *Johnson* as establishing a $400 hourly rate for Luzi.

A rate of $350 per hour adequately accounts for Luzi's experience, what courts have awarded in similar cases, and the complexity (or, more aptly, the simplicity) of this action. Moreover, that rate is sufficient to encourage attorneys to pursue this sort of action on behalf of aggrieved workers, taking into account the risks inherent when taking cases on a contingency fee. Ensuring that attorneys are willing to pursue actions on behalf of aggrieved workers is essential to the effectiveness of the FLSA.

**3.2. Reasonable Number of Hours**

Turning to the second element of the lodestar calculation—the reasonable hours expended—Luzi seeks compensation for 17.3 hours. Luzi attributed 3.8 hours to "[r]eview[ing] client's documentation and draft[ing] federal court complaint." (ECF No. 19-1 at 1.) Block billing of this sort—lumping together two separate tasks—prevents a determination as to how much time the attorney devoted to each task. *See Gagliano v. State Collection Serv.*, No. 14-CV-1512, 2016 U.S. Dist. LEXIS 63473, at *14 (E.D. Wis. May 13, 2016). The court presumes that the time Luzi devoted to reviewing documentation from Curtis was negligible given the simplicity of the case. Assuming that the bulk of this time was devoted to drafting the complaint, the amount logged was unreasonable given Luzi's expressed expertise in these sorts of cases (as reflected in the hourly rate he seeks).

10

Case 2:20-cv-00046-WED   Filed 04/28/20   Page 10 of 14   Document 28

Luzi also seeks payment for 1.2 hours for drafting "Civil Cover Sheet, Summonses, W&L Disclosure Statement, and W&L Notice of Appearance; filed with Court & saved file-stamped versions in file." But this is work that can be handled by a paralegal or administrative assistant. No fee-paying client would accept being charged $400 per hour for this sort of work.

The defendants argue that only an hour or two of attorney time is reasonable. They contend that Luzi should have simply sent the defendants a letter demanding payment of the unpaid wages rather than rushing to file a lawsuit. They support this contention with McLeod's declaration, which states that, if Curtis had contacted him, he would have engaged in a free telephone consultation and told her to send a letter to her employer. If that did not work, file a complaint with the Department of Workforce Development. (ECF No. 24, ¶ 12.) Only if that didn't work would he have her return to him for assistance. (*Id.*)

Could Luzi have followed that same route? Of course. But the defendants have not shown that he was required to. The fact that he chose a different route, immediately resorting to litigation even in the face of a small amount of damages, does not mean he is not entitled to collect his fees. "Congress wants even small violations of certain laws to be checked through private litigation and … litigation is expensive …." *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 545 (7th Cir. 2009).

Aside from those matters noted above, the time Luzi expended on this matter was reasonable. The court reduces the 3.8 hours identified as "Reviewed client's documentation and drafted federal court complaint" to 2.0. And the court finds that the 1.2 hours identified as "Drafted Civil Cover Sheet, Summonses, W&L Disclosure Statement, and W&L Notice of Appearance; filed with Court & saved file-stamped versions in file" should have been performed by a paralegal, for which a billable rate of $150 per hour is appropriate. Thus, the court calculates the lodestar amount as being $5,185, which includes 14.3 hours at $350 per hour ($5,005) and 1.2 hours at $150 per hour ($180).

### 3.3. Adjustment of the Lodestar

After calculating the lodestar the court should consider whether it is appropriate to adjust the lodestar, up or down, based on 12 factors.

> The 12 factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3, 103 S. Ct. 1933, 1937 (1983).

The defendants do not argue that any adjustment of the lodestar figure is appropriate. They argue only that the hourly rate and number of hours are excessive, arguments that the court addressed above.

Most of the lodestar factors are accounted for in the court's conclusion that $350 is a reasonable hourly rate in this case. The plaintiff did not recover all she had demanded in the complaint. She demanded $457.31 (exclusive of liquidated damages) in the complaint but ultimately recovered only $367.42 (inclusive of liquidated damages). (ECF No. 18 at 8-9.) But this discrepancy does not appear to have impacted the litigation.

While the amount of the plaintiff's recovery is significantly less than the attorney fees, that is not uncommon in FLSA litigation. *Kapellusch v. Bold Salons LLC*, No. 18-C-843, 2019 U.S. Dist. LEXIS 15160, at *5 (E.D. Wis. Jan. 29, 2019) (citing *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 955-56 (E.D. Wis. 2003) (collecting cases). Moreover, the Court of Appeals for the Seventh Circuit has "rejected the notion that the fees must be calculated proportionally to damages." *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (quoting *Alexander v. Gerhardt Enterprises, Inc.*, 40 F.3d 187, 194 (7th Cir. 1994)). Consequently, the court finds no basis to adjust the lodestar.

**4. Costs**

Finally, Curtis seeks $465 in costs, which represents the $400 filing fee and $65 for service. The defendants oppose these costs because "they should not have been

incurred." (ECF No. 22 at 7.) The court rejects this premise, and Curtis is entitled to her costs as a matter of law. 29 U.S.C. § 216(b); 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d).

**IT IS THEREFORE ORDERED** that Autumn Curtis's motion for attorney fees and costs (ECF No. 17) is granted as follows: Defendants Stone Ridge Market LLC and Rajwinder Singh, jointly and severally, shall pay to Autumn Curtis $5,185 in attorney fees and $465 in costs.

Dated at Milwaukee, Wisconsin this 28th day of April, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge